UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| RODNEY PATE, ) | |
| ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. |
| OCWEN LOAN SERVICING LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | **JURY DEMAND** |

## COMPLAINT

Now comes RODNEY PATE ("Plaintiff"), by and through his attorney, complaining as to the conduct of OCWEN LOAN SERVICING LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*

2. Plaintiff was a putative class member of the proposed settlement class in *Snyder, et al., v. Ocwen Loan Servicing, LLC,* No. 1:14-cv-08461, filed October 27, 2014, in the United States District Court for the Northern District of Illinois. The suit alleged, among other things, violations of the TCPA.

3. Plaintiff, after receiving a postcard notice that he was a putative class member, opted out of the proposed settlement before the March 5, 2018 deadline.

[ 1 ]

4. In Section 4.2.6 of the proposed Settlement Agreement in *Snyder*, Defendant has agreed to provide enhanced damages to any successful Telephone Consumer Protection Act ("TCPA") litigant: "In any individual case commenced between the date of the Preliminary Approval Order and a date that is two years from the date of Final Approval, if it is found liable for a TCPA violation, Ocwen agrees to pay not less than the amounts set forth below for each automated call through its Aspect system to a cell phone, where the consent field in Ocwen's REALServicing system should have been 'N' or 'P' as of the date of the Preliminary Approval Order:

(a) For the first 10 calls placed to a cell phone as described in this Section 4.2.6, Ocwen shall pay $1,000 for each such call.

(b) For 11-50 calls placed to a cell phone as described in this Section 4.2.6, Ocwen shall pay $1,250 for each such call.

(c) For over 50 calls placed to a cell phone as described in this Section 4.2.6, Ocwen shall pay $1,500 for each such call."

5. The Settlement Agreement was preliminarily approved on October 5, 2017. This action follows.

## JURISDICTION AND VENUE

6. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 2 ]

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

## PARTIES

8. Plaintiff is a natural person residing within the Southern District of Ohio.

9. Plaintiff is the account holder of a cellular telephone number.

10. Defendant is a Limited Liability Company that is licensed to do business in Ohio.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

12. In 2002, Plaintiff purchased a home in Pike County, Ohio.  The home was mortgaged to Ivy Mortgage, Inc.

13. Shortly thereafter, pursuant to an agreement between Ivy Mortgage, Inc. and Defendant, Defendant began collecting mortgage payments from Plaintiff.

14. In 2007, as a result of the economic crash, Plaintiff fell behind on his mortgage payments.

15. At various points, starting around 2009 and continuing into 2015, Defendant placed numerous calls to Plaintiff's personal cell phone.

16. Plaintiff told Defendant numerous times to stop calling him, yet Defendant persisted in placing these calls.

17. Defendant would often call four or more times per week.

18. Defendant would often call as many as three times per day.

19. Defendant sometimes left pre-recorded voicemails for Plaintiff.

20. Defendant called Plaintiff from different numbers, so it was not possible for Plaintiff to simply block Defendant's number.

21. Sometimes, when Plaintiff answered Defendant's phone calls, Defendant would instruct Plaintiff to hold. Defendant would not reveal its identity at the beginning of the phone call. Plaintiff would wait for several seconds, and he would only then be informed that Defendant was the caller.

22. Defendant's persistent calls aggravated Plaintiff, who eventually became wary of answering his cell phone. Defendant's course of conduct hindered Plaintiff's peaceful enjoyment of his cell phone.

23. To place some or all of these calls, Defendant used a telephone equipment system known as "Aspect."

24. The company that makes this equipment advertises that its products constitute "auto dialer software."

## COUNT I – UNLAWFUL USE OF AN AUTODIALER UNDER THE TCPA

25. Plaintiff repeats and realleges the above paragraphs as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an ATDS without their consent. The TCPA, under 47 U.S.C. § 227(b)(1), defines an ATDS as "equipment which has the capacity … to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS (namely, its "Aspect" system) in connection with its communications directed towards Plaintiff's cellular phone.

28. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using an ATDS without his consent. At no time did Plaintiff give prior express consent to Defendant permitting it to contact him via an ATDS. Any purported consent was specifically revoked by Plaintiff's demands that Defendant cease contacting him.

29. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.

31. Pursuant to the Settlement Agreement, Defendant has agreed to pay for higher amounts as stated above.

[ 5 ]

32. Plaintiff further prays for treble damages for willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

### COUNT II – UNLAWFUL PRERECORDED MESSAGES UNDER THE TCPA

33. The TCPA, under 47 U.S.C. § 227(b)(1)(B), makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B)."

34. Defendant violated this provision when it made calls to Plaintiff using artificial or prerecorded voices.

35. Plaintiff did not at any time provide prior express consent to receive such messages.

36. The calls were made to collect an individual debt. Therefore, none of the exceptions mentioned in 47 U.S.C. § 227(b)(1)(B) apply.

37. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.

38. Pursuant to the Settlement Agreement, Defendant has agreed to pay for higher amounts as stated above.

39. Plaintiff further prays for treble damages for willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

## COUNT III — INVASION OF PRIVACY

40. Plaintiff restates the above paragraphs as though fully set forth herein.

41. Ohio recognizes a cause of action for invasion of privacy based on "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Sustin v. Fee,* 69 Ohio St.2d 143, 145, 431 N.E.2d 992, 993 (Ohio 1982) (quoting *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (Ohio 1956)).

42. Defendant invaded Plaintiff's privacy and intruded on his solitude and seclusion by intentionally and persistently causing his cellular phone to ring and by attempting to contact him when he desired to be left alone.

43. Defendant's pattern of repeatedly calling Plaintiff on a nearly daily basis was so outrageous that it would cause shame or humiliation to a person of ordinary sensibilities.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Awarding Plaintiff damages of at least $500 per violation of the TCPA;

b. Awarding Plaintiff such additional amounts as he may be entitled to receive under the Settlement Agreement;

c. Awarding Plaintiff treble damages for knowing or willful TCPA violations;

d. Awarding Plaintiff compensatory, noneconomic, and/or punitive damages on his invasion of privacy claim to the extent allowed by law;

[ 7 ]

**e.** Awarding Plaintiff costs; and

**f.** Awarding any other relief as this Honorable Court deems just and appropriate.

**<u>A TRIAL BY JURY IS DEMANDED.</u>**

Dated: March 27, 2018

<u>By: s/ Jonathan Hilton</u>

Jonathan Hilton (0095742)
HILTON PARKER
10400 Blacklick-Eastern Rd NW, Room 214
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jonathanhiltonlaw@gmail.com
